INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY V.
HERMAN DALWIGH.

No. 763.   Decided June 1, 1899.

**1. Evidence—Leading Question.**

A question is objectionable, as leading, which elicits, by an interrogatory which admits of an answer "yes" or "no," more than one simple proposition. (P. 657.)

**2. Same.**

The failure of a railway company to give signals on approaching a crossing being a material issue, the following question was leading and it was error to permit it: "Up to the time you saw H. D., did you hear any whistle blown or bell rung by the approaching train?" (Pp. 656, 657.)

**3. Same.**

See opinion for general discussion as to what questions will be held leading, either by reason of their form or substance. (Pp. 656, 657.)

**4. Same—Discretion of Court.**

While a large discretion is vested in the trial judge relative to the form of questions or mode of interrogating a witness, some reason for departure from the rule with respect to leading questions should be shown by the bill of exceptions, in order to justify such action. (Pp. 657, 658.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Dalwigh sued the railway company for personal injuries by collision with a train at a highway crossing. He had judgment, and defendant appealed, and on affirmance by the Court of Civil Appeals obtained writ of error.

*Franklin, Cobbs & McGown* and *F. C. Davis* for plaintiff in error.

*Upson, Bergstrom & Newton* and *Lewy & Sehorn,* for defendant in error.—The question asked Mrs. Laux was not leading, since it in nowise suggested the desired answer. Able v. Sparks, 6 Texas, 349; Bergen v. Marble Yard, 72 Texas, 53.

GAINES, Chief Justice.—The defendant in error, while attempting to cross the track of plaintiff in error on a street in the city of San Antonio, was struck by an engine and was injured. This suit was brought to recover damages for the injuries so received.

The suit was predicated in part upon the alleged negligence of the servants of the defendant in failing to give the statutory signals upon approaching the crossing, and therefore it was a material issue upon the trial whether or not the required signals were given. Mrs. Theresa Laux, a witness for the plaintiff, testified that she saw him approach the crossing. Counsel for the plaintiff then propounded to her the following question: "Up to the time you saw Hermann Dalwigh, did you hear any whistle blown or bell rung by the approaching train?" The question was objected to upon the ground that it was leading, but the objection was overruled and the witness was permitted to answer as follows: "No, sir; I did not hear the whistle blow nor the ringing of the bell. I did not hear any signal." The ruling of the trial court in this particular was assigned as error in the Court of Civil Appeals, and is also assigned in this court.

Is the question leading? According to the definition given by the best text-writers on the law of evidence, it undoubtedly is. Mr. Starkie says: "Questions to which the answer yes or no would be conclusive would certainly be objectionable; and so would any question which plainly suggested to the witness the answer which the party or his counsel hoped to extract." Starkie on Ev., p. 166. According to Phillips, "Questions are objectionable as leading, not only when they directly suggest the answer which is desired, but also when they embody a material fact, and admit of an answer by a simple negative or affirmative, though neither the one nor the other is directly suggested." 2 Phillips on Ev., 745. Mr. Greenleaf, after defining leading questions as those "which suggest the answer desired," says: "Questions are also objectionable as leading which, embodying a material fact, admit of an answer by a simply negative or affirmative." 1 Greenl. on Ev., sec. 434. See also Rapalje on Witnesses, sec. 241. In Nicholls v. Dowding, 1 Starkie, 81, Lord Ellenborough says: "If questions are asked to which the answer yes or no would be conclusive, they would certainly be objection-

able." According to the rule announced by these authorities, the question under consideration is clearly leading. The rule has, however, been somewhat modified by this court, so as to hold that a question is not necessarily leading because it admits of a direct affirmative or negative answer, but that to make it objectionable when but a single fact is sought to be elicited it must also suggest the desired answer. Lott v. King, 79 Texas, 292. It seems to us that the effect of the decision in the case cited is to hold that a question is not leading merely because it is put in the form of "did or did not" or "whether or not," etc.

When an interrogatory is put in the form of "did you not," etc., or of "did you," etc., we have quite a different question. According to the idiom of our language, when we ask a question with a view to elicit an affirmative answer, we put it in the negative form, as for example, "did you not hear," etc. Clearly such a question suggests the desired answer; and it has been so held by this court. McAlpin v. Ziller, 17 Texas, 508. So it would seem that a question put in the affirmative form, such as "did you," etc., suggests, though in a lesser degree, a negative answer. Very high authorities hold that such a question is leading. Hardtke v. State, 67 Wis., 552; Dudley v. Elkins, 39 N. H., 78; United States v. Angell, 11 Fed. Rep., 34; Lawder v. Lawder, 5 Ir. C. L., 27. There may be cases in which it was held that certain questions in the form last indicated were not objectionable as being leading, but, as we are inclined to think, a careful examination of the cases will show that the facts sought to be elicited were mere introductory matter. But even if the question should not be held objectionable by reason of its form, we think it objectionable as eliciting, by an interrogatory which admitted of an answer "yes" or "no," more than one simple proposition. The question embraced not only the inquiry as to the fact whether the signals were heard or not, but as to the very time at which they may or may not have been heard. The question put in the power of the witness, by the simple answer "no," to echo back the words of counsel and to give a desired answer in a desired form upon a most material point in the case. Railway v. Hammon, 50 S. W. Rep., 123. The often cited remarks of Evans in the appendix to his translation of Pothier on Obligations are in point here: "And here it may be proper to advert to a distinction, which has often occurred to me, and was referable to the preceding case, between the word used by and proceeding from the witness as his own, and his giving an answer of 'yes' or 'no' to the question proposed to him; the former being the indication of his own impressions and recollections upon the subject of inquiry, the latter being the result, the adoption or rejection of an intrinsic suggestion." 2 Evans' Pothier, 214.

It is urged also, although the question may be leading, that since it was in the discretion of the court to permit leading questions, the admission of the answer to it is not a ground for a reversal of the judgment. There are authorities which so hold, but such is not the rule

in this State. The question was sharply presented in Davis v. State, 43 Texas., 189; and in disposing of it the court there said: "The questions suggested to a person of the lowest capacity the answers desired. As such, these questions should not have been permitted to be put to the witness, and the court should have sustained the objections to them. While a large discretion is necessarily vested in the presiding judge relative to the form of questions or the mode of interrogating a witness under a peculiar state of feelings, intellect, or information, yet to justify or sanction a departure from the established rules of evidence to so great a degree, and on matters of vital interest to the accused, as was permitted in this case, the explanation or statement of the reason for such departure should be shown in connection with the bill of exceptions taken. No reason is stated in the record." The decision in Railway v. Hammon, supra, is in accord with that ruling.

We have examined the other assignments filed in this court, but think no one of them points out any error.

*Reversed and remanded.*