CHICAGO, ROCK ISLAND AND GULF RAILWAY COMPANY v. G. C. BREEDING.

Decided December 9, 1905.

**Negligence—Pleading—Testimony—Allegata et Probata.**

The only specific allegations of negligence in plaintiff's petition were to the effect, first, that defendant's foreman negligently failed to keep a lookout for plaintiff's safety, as he was bound to do, after placing him in a dangerous place to work; and second, that the switch crew were negligent in pushing a string of cars in on the side track without looking for and warning plaintiff. Held, error to admit testimony to prove negligence on the part of defendant in having plaintiff to do the work on a side track, instead of on the repair track. It was also error for the court to submit this issue of negligence to the jury.

Appeal from the District Court of Potter County. Tried below before Hon. Ira Webster.

*N. H. Lassiter, Robert Harrison* and *Madden & Trulove,* for appellant.—The evidence as to the track on which cars were usually repaired, and the custom in reference to repairing cars in railroad yards on a different railroad system, fourteen or fifteen years ago, and as to the custom in reference to putting out flags or putting men to watch when a car was repaired on an ordinary switch track, and the evidence that

no flags were put out on this occasion, was all immaterial and irrelevant, and calculated to cause the jury to find a verdict in favor of the plaintiff on a false issue. Galveston, H. & S. A. Ry. Co. v. Scott, 44 S. W. Rep., 589; Southern Pac. Ry. Co. v. Martin, 83 S. W. Rep., 676.

The question, "Does not an injury such as you have described render him more or less liable to pneumonia" was leading and should not have been permitted, and the evidence in response thereto should not have been allowed to go to the jury.

The question, "Is an injury like that explained to you likely to cause the condition you find," was leading and should not have been permitted, and the evidence in response thereto should not have been allowed to go to the jury. Ft. Worth & R. G. Ry. Co. v. Jones, 85 S. W. Rep., 37; International & G. N. Ry. Co. v. Dalwigh, 51 S. W. Rep., 500.

The charge was error, because there is no evidence to justify the submission to the jury of the issue as to the foreman's negligence in directing the plaintiff to perform the work at the time and place it was performed. Gulf, C. & S. F. Ry. Co. v. Jackson, 89 S. W. Rep., 968; Ft. Worth & R. G. Ry. Co. v. Robinson, 84 S. W. Rep., 410; Texas & Pac. Ry. Co. v. Scrivener, 49 S. W. Rep., 649; Chicago, R. I. & M. Ry. Co. v. Harton, 81 S. W. Rep., 1236; Houston & T. C. Ry. Co. v. Nixon, 52 Texas, 28.

*Barrett, Stewart & Templeton,* for appellees.—A question is not necessarily leading because it can be answered by yes or no. To be leading it must go further and suggest to the witness the answer desired. Missouri, K. & T. Ry. Co. of Texas v. Baker, 9 Texas Ct. Rep., 919, 920; Lott v. King, 79 Texas, 292; International & G. N. Ry. Co. v. Dalwigh, 92 Texas, 655.

The pleadings and evidence raised the issue presented in the paragraph of the charge which is here complained of, and the trial court did not err in submitting such issue to the jury. Texas & P. Ry. Co. v. Eberhart, 43 S. W. Rep., 511; Missouri, K. & T. Ry. Co. v. Hannig, 43 S. W. Rep., 509; Missouri Pac. Ry. Co. v. Watts, 63 Texas, 549, 552.

STEPHENS, Associate Justice.—Appellee, a car repairer for appellant, while standing between the drawheads of cars on the side track at Amarillo, engaged in screwing up a nut on the end of one of the cars, was caught and injured by the unexpected bumping of the cars together, which was caused by the backing in of another string of cars by the switch crew. The grounds of liability alleged in the petition were: First, that the foreman negligently failed to keep a lookout for appellee's safety, as he was under obligation to do, after placing him in a dangerous place to work; second, that the switching crew were guilty of negligence in pushing a string of cars in on the side track without looking for and warning appellee. The petition contained some general allegations as to the duty of appellant to furnish appellee a reasonably safe place to work, and to the effect that appellee relied on the foreman to furnish him such a place, but the specific charges of negligence were those above stated. The petition concluded with the allegation, which is quoted and italicized in appellee's brief to show a further ground of liability, "that said foreman was then and there guilty of negligence in

ordering and directing plaintiff to repair said drawhead and appliances upon said track under the circumstances above detailed"; but this evidently referred to what had already been alleged and added nothing whatever to the cause of action.

The court therefore erred in permitting W. M. Breeding, the father of appellee, to enlarge the grounds of recovery by his testimony, of which complaint is made in the first assignment of error. The testimony objected to tended to show that appellant had been guilty of negligence in having the car repaired on the side track instead of on the repair track, whereas no such ground of recovery had been alleged.

The court erred in the charge in not confining the jury to the grounds of recovery alleged in the petition, as will be seen from the following quotation from the charge: "And if you further believe and find from the evidence that said foreman was guilty of negligence, as that term has been defined, in ordering the plaintiff to so perform the work he was ordered to do at the time and place and under the circumstances disclosed by the evidence," and also the following: "It was the duty of the defendant to use ordinary care, diligence and skill for the purpose of protecting the plaintiff from encountering unnecessary risks in the defendant's service. The plaintiff had the right to presume and to act upon the presumption that the defendant had performed and would continue to discharge such duties." The jury may have construed these quotations from the charge as authority for returning a verdict on that portion of the testimony of W. M. Breeding which should have been excluded.

The questions propounded to Dr. Patton, complained of in the third, fourth and fifth assignments, were undoubtedly leading, and the witness should not have been permitted to answer them in that form. (Ft. Worth & R. G. Ry. v. Jones, 85 S. W. Rep., 37; International & G. N. Ry. v. Dalwigh, 92 Texas, 657, 51 S. W. Rep., 500.)

For the error in admitting testimony to prove a ground of recovery not alleged, and in submitting in the charge a wider ground of recovery than was warranted by the petition, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*