### PEDEN IRON & STEEL CO. v. JAIMES.

(Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1913. On Motion for Rehearing, Jan. 21, 1914.)

1. MASTER AND SERVANT (§§ 280, 281*)—INJURIES TO SERVANT—ASSUMED RISK—CONTRIBUTORY NEGLIGENCE—FINDINGS—EVIDENCE.

　　In an action for injuries to a servant, evidence held to sustain a finding that plaintiff was not guilty of contributory negligence and did not assume the risk.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 981–996; Dec. Dig. §§ 280, 281.*]

2. MASTER AND SERVANT (§ 277*) — INJURIES TO SERVANT—RELATION—EVIDENCE.

　　In an action for injuries to a servant, plaintiff's evidence that he was employed by defendant, corroborated by that of another wit-

ness and his brother, was sufficient to establish the relation of master and servant between plaintiff and defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 953; Dec. Dig. § 277.*]

3. MASTER AND SERVANT (§ 265*) — INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In an action for injuries to a servant, the burden of proving plaintiff's contributory negligence is on the defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

4. APPEAL AND ERROR (§ 1170*) — REVIEW — INSTRUCTIONS—PREJUDICE.

In an action for injuries to a servant, the fact that the court used the words "established to your satisfaction" in a charge was not prejudicial to defendant, within Supreme Court Rule 62a (149 S. W. x), providing that the judgment shall not be reversed on appeal for error in the course of the trial unless the appellate court is of the opinion that the error amounted to such a denial of appellant's rights as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1170.*]

5. TRIAL (§ 260*) — INSTRUCTIONS — REQUEST TO CHARGE—INSTRUCTIONS GIVEN.

Requests to charge substantially covered by instructions given may be properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Bexar County; R. H. Ward, Judge.

Action by E. M. Jaimes against the Peden Iron & Steel Company. Judgment for plaintiff, and defendant appeals. Affirmed. Motion for rehearing denied.

Emmett B. Cocke and Templeton, Brooks, Napier & Ogden, all of San Antonio, for appellant. C. C. Harris and Hertzberg, Barrett & Kercheville, all of San Antonio, for appellee.

FLY, C. J. This is an action for damages alleged to have arisen from personal injuries inflicted upon appellee through the negligence of appellant. It was alleged that appellee was in the employment of appellant and engaged "in loading and unloading and handling of light casing to and from wagons and pipe racks"; that while engaged in loading 10-inch pipe, from 17 to 21 feet in length and weighing 45 pounds to the foot, from a pipe rack to a wagon, standing alongside the pipe rack, appellee being in the wagon, a pipe, too heavy for appellee and the two men assisting him to hold "crashed down with a great weight into the wagon, and crushed the leg and foot of plaintiff by the terrific impact," and permanently injured appellee by crushing the bones in his ankle, foot, and leg, and wrenching and bruising the muscles and tendons. Appellant pleaded assumed risk and contributory negligence. A trial by jury resulted in a verdict and judgment for $3,-500.

[1] The evidence shows that appellee was an employé of appellant, and was engaged in loading pipe into a wagon, and was in the wagon by the orders of his foreman; that the pipe was so heavy that appellee and the two men working with him were unable to handle it, and it slipped from their hands and crushed the ankle and foot of appellee, permanently injuring him. The wagon was driven alongside the pipe racks by order of the foreman, instead of being backed to them, which some of the testimony tended to show as the proper position in which the wagon should have been placed. The wagon was being loaded under the supervision and orders of the foreman. The pipe weighed about 640 pounds. Appellee was not experienced in loading pipe of the kind described. He did not know its weight and did not realize the danger of obeying the order to get in the wagon.

The issues of assumed risk and contributory negligence were fully submitted to the jury, and it was found that appellee neither assumed the risk nor contributed by his negligence to his injury. The evidence was sufficient to sustain the finding. The first, second, third, and fourth assignments of error are therefore overruled.

[2] The evidence of appellee was to the effect that he was an employé of appellant, and he was corroborated by Fassnidge and his brother. The evidence was sufficient to establish the relation of master and servant between appellant and appellee.

[3] The fifth and sixth assignments of error are without merit. The burden of proof was upon appellant to establish contributory negligence. The evidence of appellee did not tend to show contributory negligence. He was an inexperienced man, and was acting under the orders and immediate supervision of his foreman.

[4] Whatever may have been the exceedingly technical position of the Supreme Court in the past, as in the case of Willis v. Chowning, 90 Tex. 617, 40 S. W. 395, 59 Am. St. Rep. 842, in regard to charges, and in regard to so-called leading questions, as in Railway v. Dalwigh, 92 Tex. 655, 51 S. W. 500, it is to be hoped that the more liberal rule will be enforced and no judgment reversed for any error unless it is apparent that injury has resulted from it. Using the words, "establish to your satisfaction," in the charge, we cannot conceive could have influenced the verdict. "No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." Rule

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

62a (149 S. W. x). That rule properly and wisely enforced, as it should be, will lift untold burdens off litigants and courts and have a tendency to create a higher respect for the opinions of courts, than reversals on hairsplitting technicalities, that could have no effect whatever on the trial of the cause. The rule as formulated in 62a should have always prevailed in Texas, without the necessity of placing it in a book of rules, because it is founded on common sense and reason.

In other portions of the charge the jury was instructed that if the evidence showed contributory negligence appellee could not recover, and no doubt the jury understood that the issue of contributory negligence should be proved, as any other fact, by a preponderance of the evidence. Appellants asked charges, which were given, which presented every phase of contributory negligence and assumed risk raised by the evidence.

[5] The substance of special charge 10 was contained in other special charges given by the court, and it was not error to refuse it.

Being of the opinion that there is no error presented in the record that requires a reversal, the judgment is affirmed.

### On Motion for Rehearing.

Rule 62a was adopted by the Supreme Court on October 30, 1912, and became effective on November 15, 1912, and no opinion of any court of Texas has come to our notice which reverses a judgment for an error in the charge similar to one now before this court. 149 S. W. x. However, it is stated in the motion for rehearing that the judgment in the case of Brewer v. Doose, 146 S. W. 323, was reversed because of a similar charge, and that the decision was rendered after rule 62a was in effect. That opinion was rendered on February 14, 1912, nine months before the rule became effective. A different order of things has happily been inaugurated in Texas, if the appellate courts are permitted by the authors of the rules to carry them into effective execution.

Rule 62a clothes the Courts of Civil Appeals with the authority to determine whether an error of law amounts "to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." The charge in this case was not given "scant consideration," as stated by appellant, but was thoroughly considered in the light of the circumstances in this case. The facts showed that appellee was an inexperienced boy and was working under the immediate supervision and control of Cain, appellant's superintendent, who knew how the pipe should be loaded, and who should have warned appellee of the danger of getting in the wagon. These facts were uncontradicted and tended to show that appellee was not guilty of contributory negligence in getting in the wagon, even though not ordered to do so by Cain. There was no testimony that indicated that appellee knew of the danger of his position. Cain knew and had been told just before the accident that he was not loading the pipe in the proper manner. There was no evidence of contributory negligence, unless getting in the wagon was contributory negligence. That act was either commanded by the superintendent, or he permitted an inexperienced boy to do a thing which he knew was dangerous. In either event appellee was not guilty of contributory negligence. The wagon was being loaded under the personal supervision of the superintendent and in the manner directed by him. How could any kind of erroneous charge on the amount of proof required have injured appellant?

The evidence showed that appellee was ignorant of the danger of the position occupied by him in the wagon, and that the superintendent did know it, and yet he did not warn him. That duty devolved upon appellant, and the failure to instruct the servant as to the danger removed the question of contributory negligence from the case. Labatt, Master & Servant, § 235. The charge on contributory negligence, standing alone, could not have injured appellant, and, when read in connection with other parts of the court's charge and the special charges asked by appellant, it is apparent that no harm was done by it.

The motion for rehearing is overruled.