SMALLEY v. VOGT.  (No. 5251.)

(Court of Civil Appeals of Texas. San Antonio.
April 1, 1914. On Motion for Re-
ing April 29, 1914.)

1. FRAUD (§ 41*)—ACTIONS FOR DAMAGES FOR
DEFICIENT ACREAGE—PETITION.

A petition alleging that defendant, in a
sale of land to plaintiff, represented that the
tract contained 624 acres; that plaintiff re-
fused to accept it unless it was surveyed; that
defendant had it surveyed by the county sur-
veyor; that he and the surveyor represented
to plaintiff that it contained 624 acres; that
plaintiff paid therefor at an agreed rate per
acre; that he had no reason to suspect there
was a shortage until he later had it surveyed;
that he relied upon the representations of de-
fendant and his agent, the surveyor; that he
had a very limited education, and did not
know how to calculate the number of acres by
the field notes; that, by the fraud of defendant
and the surveyor, he was induced to make the
trade and lulled into a sense of security as to
the acreage; and that there was no other sur-
veyor in the county at the time of the sale—
sufficiently alleged defendant's fraud and an
excuse for plaintiff's failure to discover the
fraud.

[Ed. Note.—For other cases, see Fraud, Cent.
Dig. §§ 36, 37; Dec. Dig. § 41.*]

2. LIMITATION OF ACTIONS (§§ 96, 100*)—COM-
PUTATION OF PERIOD—DISCOVERY OF FRAUD.

In cases of fraud or mistake, when the
means of discovery are at hand, diligence must
be exercised to discover the fraud or mistake,
but the statute does not run until there is some
circumstance or fact to arouse suspicion.

[Ed. Note.—For other cases, see Limitation
of Actions, Cent. Dig. §§ 323, 337, 475, 476,
480-493; Dec. Dig. §§ 96, 100.*]

On Motion for Rehearing.

3. FRAUD (§ 59*)—DEFICIENT ACREAGE—MEAS-
URE OF DAMAGES.

The measure of damages for a vendor's mis-
representation as to the number of acres in a
tract of land sold at an agreed price per acre
was the amount paid by the purchaser for the
number of acres which he failed to get, regard-
less of the increased value of the other land.

[Ed. Note.—For other cases, see Fraud, Cent.
Dig. §§ 60-62, 64; Dec. Dig. § 59.*]

Appeal from District Court, Calhoun Coun-
ty; John M. Green Judge.

Action by F. J. Smalley against Gus Vogt.
From a judgment dismissing the cause,
plaintiff appeals. Reversed and remanded.

Wilson & Hamilton, of Port Lavaca, for
appellant. W. D. Love, of Uvalde, for ap-
pellee.

FLY, C. J. [1] Appellant sued to recover
of appellee the sum of $1,200, alleged to be
due by reason of a deficit of 80 acres of land
in a tract sold by appellee to him. He al-
leged that it was represented to him by ap-
pellee that the tract contained 624 acres of
land, but that appellant refused to accept
the tract as containing that number of acres
unless appellee had the same surveyed, and
appellee secured the services of the county
surveyor, and, after the same had been sur-
veyed, both appellee and the surveyor repre-
sented to appellant that the tract contained
624 acres of land, and he paid for the same
at the agreed rate of $15 an acre; that he
had no reason to suspect that there was a
shortage in the land until he had it surveyed
in 1913; that he relied upon the representa-
tions of appellee and his agent, the surveyor,
and believed them to be fair and upright
men; that he has very limited education,
and did not know how to calculate the num-
ber of acres by the field notes; that by the
fraud of appellee and his agent he was induc-
ed to make the trade, and "he was lulled in-
to a sense of security as to the amount of
the land and believed that it contained 624
acres, and he (the plaintiff herein) relied on
defendant, Gus Vogt, and his agent, the sur-
veyor." He fully and elaborately alleged
his faith and confidence in the representa-
tions of appellee and the surveyor, and that
there was no other surveyor in Calhoun
county at that time. Exceptions were sus-
tained to the petition, and the cause dis-
missed.

The fraud of appellee was sufficiently set
forth in the petition, and the facts which go
to excuse appellant in failing to discover the
fraud were full and clear enough to carry
the case to a jury. The facts show that
appellant acted as most, if not all, men would
have acted under the circumstances. The
business of the world is built upon confidence
in the honor and integrity of those with
whom we deal. No man, after a tract of

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

land is surveyed by the seller, has a resurvey of it, when there is nothing to arouse suspicion, and experience teaches us that few men calculate the amount of land by the field notes in their deeds, and the vast majority could not calculate the acreage if they so desired. The allegations present a case of fraud, and do not show laches upon the part of appellant in discovering the fraud. The allegations make a case for a jury, and it should be tried on its merits.

The rule as to laches is clearly set forth by Associate Justice Reese of the First Court of Civil Appeals in Isaacks v. Wright, 50 Tex. Civ. App. 312, 110 S. W. 970. The court said: "It is true that with the means at hand, if he had felt called upon to investigate, he could have discovered the mistake, but there was absolutely nothing to arouse in his mind the slightest suspicion with regard thereto. He had been put in possession by the vendor's agent, from whom he had bought, of the identical ground sold to him, after the delivery of the deed; had been advised that this was the identical land conveyed by his deed; had the lines and corners pointed out; and, under the eyes of the agent and with his knowledge, had erected his fence and planted his trees. Under these circumstances, was he guilty, under the law as laid down in the decisions cited, of such laches as to start the statute to running, in failing to get the plat and his deed and with proper assistance verifying the description in the deed to be sure that there was no mistake? A very cautious and suspicious man might have done so, but the man of ordinary prudence, in looking after his business affairs, would have done as Cherry did under the circumstances."

[2] In cases of fraud or mistake, when the means of discovery are at hand, diligence must be exercised to discover such fraud or mistake; but, in order to start the running of the statute, there must be some circumstance or fact to arouse suspicion. Appellant, in this case, had asked for a survey, and he relied upon his vendor and the surveyor, the agent of the vendor, to make an accurate survey and give him a true and faithful report thereof. The survey was made, and both appellee and his agent reported that the land contained 624 acres. The field notes they gave him, and which were embodied in the deed, called for the meanders of "Chocolate Bayou," without giving the courses and distances contained in such meanders, and no one could accurately calculate the quantity of land contained within such field notes. Nothing but an actual survey of the land could have revealed to appellant the shortage in the acreage. No reasonably prudent man would have made such survey, but would have relied upon the survey and representations of appellee and his surveyor as to the quantity of land. The deed conveys 624 acres of land, and not that quantity more or less, but appellee and his agent, outside of that recital, assured appellant that there were 624 acres of land. He could not calculate the quantity from the field notes; he was compelled to rely on the representations of two men, in whom he had absolute confidence and trust, and they failed him. The land had been bought by the acre, and the misrepresentations as to the number of acres caused a loss to appellant of $1,200, if his allegations be true. He should be given the opportunity to prove that they are true.

The cross-assignments are overruled.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Appellee insists that, under the rules promulgated by the Supreme Court, none of the assignments of error should be considered. Rules were adopted presumably for the protection of the trial and appellate courts; and, while it is a violation of the rules to fail to refer to the page of the transcript where the matter complained of is found, this court, and not appellee, is inconvenienced by it. We believe in a reasonable enforcement of the rules, although it seems to be a hazardous proceeding, in view of the action of the Supreme Court in granting writs of error in several instances where the rules have been flagrantly violated and assignments of error have not been considered because of such infractions. If fundamental error can be predicated on rejected assignments of error which require a scrutiny of the facts, this court is in no position to enforce rules. In the case of Harlingen Land & Water Co. v. Houston Motor Co. (Civ. App.) 160 S. W. 628, there was but one assignment of error, which in no wise complied with rule or statute, and this court refused to go into the statement of facts to discover errors not indicated in any manner. The Supreme Court granted a writ because a fundamental error had been discovered in the facts This in the face of the declaration in Houston Oil Co. v. Kimball, 103 Tex. 95, 122 S. W. 533, 124 S. W. 85, that fundamental error does not mean an error "which can be ascertained by looking into the record and considering the evidence." Another writ has just been granted in which this court attempted an enforcement of rule 62a (149 S. W. x). Peden Iron & Steel Co. v. Jaimes (Civ. App.) 162 S. W. 965. The assignments in this case were all directed to one point, the action of the court in sustaining exceptions to the petition. It was not necessary to name a certain assignment that was sustained. It was sufficient to hold, as we did, that the petition alleged a case that should, if sustained by facts, have been submitted to the jury.

[3] The measure of damages in this case is the amount paid by appellant for the land

which he failed to get. The value of the deficit was $1,200, and to that sum he is entitled, regardless of the increased value of the other land.

The motion is overruled.