## BAKER v. THOMAS. (No. 320.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 7, 1918.)

1. WITNESSES ☞240(5)—LEADING QUESTION.
The question, "When you came to my office to employ me in this case, did you not tell me then that the mule was struck and killed just like you told it to the jury this morning?" was leading.

2. EVIDENCE ☞271(5)—SELF-SERVING DECLARATIONS—STATEMENT TO ATTORNEY.
Such question being asked after plaintiff had been cross-examined with reference to certain statements made by her in writing to defendant railroad's claim agent wherein she made a different statement as to the facts surrounding the killing of the mule called for a self-serving declaration that would be an attempt to bolster up plaintiff's testimony.

Appeal from Robertson County Court; W. M. Johnson, Judge.

Suit by Sallie Thomas against James A. Baker, Receiver of the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

---

Perry & Woods, of Franklin, for appellant. H. S. Morehead and H. A. Bush, both of Franklin, for appellee.

KING, J. Appellee filed this suit in the justice's court of precinct No. 1, Robertson county, for alleged damages in the sum of $190, alleging that on or about the 19th day of June, A. D. 1916, she was the owner of a certain mule that was killed by the negligence of appellant's agents, servants, and employés in the operation of a locomotive engine and train near the station of New Baden in said county, the specific acts of negligence alleged being that the agents, servants, and employés of appellant in charge of said locomotive engine and train failed to ring the bell, sound the whistle, or to make, or cause to be made, any other sound or alarm to frighten said mule off the track and right of way, after said servants and employés discovered the danger to the mule, or by the use of ordinary care could have discovered same, and in failing to keep a lookout to discover the danger and peril of said mule, and in failing and refusing to give and sound the statutory signals for stations, crossings, and for stock alarm, and in running said engine and train at a dangerous and high speed; that the point and place where said mule was struck and killed was a point where appellant could have fenced his right of way and track, and had failed to do so. Appellant answered by general demurrer and general denial, and, further, that said mule was killed at a place where appellant could not, with safety to his employés and convenience to the public, fence his track, and where he was not required by law to fence said track, further setting out the reasons why he was not so required to fence the track. Appellant recovered judgment in the justice's court, and the same was appealed by appellee to the county court of Robertson county, and on the 24th day of November, 1916, at a trial before a jury, judgment was rendered against appellant in the sum of $135, in accordance with the answers of the jury to special issues submitted to them by the court.

The first and only assignment of error is as follows:

"The court erred in admitting the following testimony offered by the plaintiff over defendant's objection, to wit: Plaintiff, testifying as a witness in her own behalf, on redirect examination, was asked by her counsel the following question: 'Sallie, when you came to my office to employ me in this case, did you not tell me then that the mule was struck and killed just like you have told it to the jury this morning, and didn't you tell me then that you heard the whistle down at the culvert, and that you then looked down the track toward the station, and saw your mule standing on the track?' to which said question defendant objected: (a) Because it was leading; and (b) because it called for a self-serving declaration on the part of the plaintiff that would be an attempt to bolster up her own testimony by such

self-serving declaration. Said objection was overruled by the court, and the witness was permitted to testify as follows: 'Yes, I told you how it happened just like I told the jury. I told you the mule was standing on the track, eating grass, when I first heard the train coming.'"

[1] This assignment of error must be sustained. The question was clearly leading, and was error. I. & G. N. Ry. Co. v. Dalwigh, 92 Tex. 655, 51 S. W. 500, and authorities therein cited.

[2] This question also called for a self-serving declaration on the part of plaintiff that would be an attempt to bolster up her own testimony, it being introduced by appellee after she had been cross-examined by appellant with reference to a certain statement she had made in writing to his claim agent on October 28, 1916, wherein she made a different statement as to the facts surrounding the killing of the mule than she made upon the trial of the case. This was error. Ætna Ins. Co. v. Eastman, 95 Tex. 34, 64 S. W. 863; Pecos & N. T. Ry. Co. v. Winkler, 179 S. W. 691; Kirby Lumber Co. v. Youngblood, 192 S. W. 1106.

For the errors pointed out, the cause is reversed and remanded.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes