SOUTHERN TRACTION CO. v. COLEY et al. (No. 6056.)

(Court of Civil Appeals of Texas. Austin. March 5, 1919. Rehearing Denied April 16, 1919.)

1. WITNESSES ⊜⟶240(3) — "LEADING QUESTION."

For a question to be "leading," it is not sufficient that it may be answered yes or no, but it must further appear that the question suggests the answer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Leading Question.]

2. WITNESSES ⊜⟶240(4)—LEADING QUESTIONS.

In action against street railway by woman passenger for negligence of its employés in permitting other female passengers, who were intoxicated, to assault and curse plaintiff, an interrogatory, "Did the conductor or motorman come in and try to get these women to quit fighting?" was not leading or suggestive.

3. APPEAL AND ERROR ⊜⟶1050(1)—ADMITTING ANSWER TO INTERROGATORY—OTHER EVIDENCE TO SAME EFFECT.

Even if an interrogatory was leading and was properly objected to on that account, it was not reversible error to admit answer thereto, where the testimony which the interrogatory was designed to elicit was given by the same witness in answer to other interrogatories not shown to have been objected to.

4. NEW TRIAL ⊜⟶72 — GROUND — VERDICT AGAINST EVIDENCE.

It is not ground for new trial that the verdict or judgment was against the evidence, or against the preponderance of evidence; but it must be against all the evidence, or at least against the overwhelming weight of the evidence.

5. CARRIERS ⊜⟶319(3)—ASSAULT ON PASSENGER—DAMAGES.

In action by woman passenger against street railway company for employés' failure to protect her from assault by two other women passengers, who were intoxicated, $1,500 damages for plaintiff's humiliation and mental distress and her resultant nervous condition *held* not excessive.

Appeal from District Court, McLennan County; Jno. W. Davis, Special Judge.

Suit by Mrs. Annie Coley and husband against the Southern Traction Company. From judgment for plaintiffs, defendant appeals. Affirmed.

Sanford & Harris, of Waco, for appellant. Tom Conway and Williams & Williams, of Waco, for appellees.

BRADY, J. Appellee, Mrs. Annie Coley, joined by her husband, A. B. Coley, brought this suit against appellant, Southern Traction Company, to recover damages arising out of the alleged negligence of appellant's servants and employés. It was claimed: That, while Mrs. Coley was a passenger on appellant's street car, the motorman and conductor negligently permitted two women in an intoxicated condition to board the street car, and, in the presence of appellant's agents, to use loud, profane, vulgar, and indecent language in the hearing and presence of Mrs. Coley, without any effort to stop the same. That, at the end of the car line, Mrs. Coley started to leave the car, when she was assaulted by the intoxicated women, struck in the face and on the body, and cursed and abused by them. That the conductor and motormen were within a few feet of the parties during the assault, but negligently failed to prevent the same, although known to them, and although they could have prevented it. That, if the conductor was not on the street car at the time of the assault, it was reasonably necessary for the protection of Mrs. Coley, and it was the duty of appellant, to have the conductor on the car at such time.

It was also alleged by appellees that on boarding the car the two women began talking in a loud and boisterous manner, and began making faces and remarks to and concerning Mrs. Coley, which conduct continued until the end of the line; and that they used profane, vulgar, and indecent language in the hearing and presence of the passengers on the car. It was further alleged that Mrs. Coley was a woman of refinement, and that the use of profane and obscene language in her presence and hearing greatly humiliated and distressed her; and as a result thereof, and of the physical injuries inflicted upon her, she suffered great pain, and her nervous system was shocked and a highly nervous condition resulted, which existed to the date of the trial, and was alleged to be permanent.

Appellant answered by general demurrer, general denial, and by a special plea that Mrs. Coley's injuries resulted from an assault made by her upon one of the two women, and by her own acts in provoking a fight.

The case was tried before a jury on special issues, and judgment rendered upon the verdict for appellees in the sum of $1,500, from which this appeal has been taken.

The findings of the jury may be epitomized as follows:

That Mrs. Coley, while a passenger on ap-

pellant's street car, was assaulted and cursed and abused by Mrs. Bertha Williams and Miss Pauline Burt, or one of them; that she was injured as a result thereof; that the conductor or motorman saw and heard Mrs. Williams and Miss Burt, or one of them, assault, curse, and abuse Mrs. Coley; and that the conductor or motorman negligently failed to prevent or stop the assault, and the use of the abusive language; and that such negligence was the direct and proximate cause of Mrs. Coley's injuries; that Mrs. Coley did not provoke the assault, or commence the difficulty; that at the time of the alleged assault there were both a motorman and conductor on the street car; and that the damages were fixed at $1,500. These findings are supported by the evidence.

Appellant's first assignment of error complains of the trial court's action in admitting, over appellant's objection, the ninety-fifth direct interrogatory and the answer thereto by the witness Mrs. C. P. Corwin. The point made by the proposition thereunder is that the question embodied a material fact, and admits of an answer by simple negative or affirmative, and is leading.

The interrogatory and answer are as follows:

"Q. Did the conductor or motorman come in and try to get these women to quit fighting? A. No, he just stood there like a stone image, and made no effort whatever; he paid no attention to them."

[1] In our opinion, the question was not objectionable as leading, merely because it admitted of a direct affirmative or negative answer. In order to constitute a question leading, it is not sufficient that it may be answered yes or no, but it must further appear that the question suggests the answer. This rule, when but a single fact is sought to be elicited, has been recognized by our Supreme Court; and it is sufficient to cite Lott v. King, 79 Tex. 292, 15 S. W. 231; Ry. Co. v. Dalwigh, 92 Tex. 655, 51 S. W. 500. To the same effect are Ry. Co. v. Drought, 100 S. W. 1011; Ry. Co. v. Lowe, 97 S. W. 1087; Cunningham v. Neal, 109 S. W. 456, 49 Tex. Civ. App. 613; Ry. Co. v. Allen, 117 S. W. 923.

[2, 3] We are unable to perceive the force of the objection that such interrogatory is leading and suggestive. The question might readily have been answered either way, and, in our opinion, did not suggest the answer; and the answer of the witness was not by direct affirmative or negative. Furthermore, it appears from the record that this witness, in answer to other interrogatories not shown to have been objected to, stated that, right after the two women pushed Mrs. Coley down between the seats, the motorman walked back through the car and made no effort to rescue Mrs. Coley, and did not say anything to restrain them in any way. We are of the opinion that it was within the sound discretion of the trial court to permit such interrogatory and the answer thereto to be introduced in evidence, and that such action does not present reversible error in any aspect of the matter. Therefore the first assignment will be overruled.

Appellant's second assignment is to the effect that the trial court erred in not granting appellant a new trial, because the verdict of the jury and the judgment were contrary to the law and the evidence, in that the preponderance of the evidence was that neither the motorman nor the conductor were on the street car at the time of the alleged assault; and that neither saw nor knew of the assault, nor by the exercise of ordinary care could have foreseen the same; and because the evidence shows that the assault was committed suddenly and without warning, and without time for appellant's agents to have intervened before the assault was committed; and because the evidence shows that the assault could not have been anticipated or prevented by such agents in the exercise of the degree of care required of them by law.

Under this assignment, appellant presents several abstract propositions of law, which are not made applicable to the facts of this case, but which seem to present correct legal theories. They are, in substance: That a carrier is liable to a passenger only for the acts of a third person, who is also a passenger, when the conduct of the third person has previously been such as to induce a reasonably prudent and vigilant conductor to believe that there was reasonable ground to apprehend an assault, and where he negligently fails to prevent the violence or danger; and that a carrier's employés have no legal right to interfere with or restrain a passenger who is conducting himself properly; and that the carrier is not liable for the acts of such passenger not occurring within the presence or knowledge of its agents, or where from the facts and circumstances immediately preceding the assault its agents could not reasonably have foreseen and prevented the same.

Conceding the correctness of these propositions, they are of no importance, unless all the evidence, or at least the overwhelming weight of the evidence, shows that the facts did not establish liability.

[4] It is to be noted that this assignment does not complain that the verdict or the judgment is against all the evidence, or against even the overwhelming weight of the evidence, but merely against the preponderance of the evidence, or merely against the evidence. The assignment, as stated, does not, in our opinion, embody a correct proposition, nor do the propositions thereunder show any error in the particulars complained of by the assignment. But, conceding that the point is made clear that the verdict and judgment

are against the overwhelming weight of the evidence, we cannot agree to the contention in the light of the record in this case. Without detailing the evidence, the findings of the jury, as heretofore set out in this opinion, are sustained by competent testimony, and cannot be said to be against even the overwhelming weight of the evidence.

There was sufficient evidence in the case to justify the jury in making their findings favorable to the plaintiff and to support the verdict, and it was therefore a question for the determination of the jury, which should not be disturbed. No reversible error has been shown by the second assignment, and it is overruled.

The last assignment complains of the verdict and judgment as excessive. It is not claimed that there are any extraneous facts or circumstances showing that the jury acted from passion, prejudice or other improper influences, but the sole reliance for this contention is the amount of the verdict. It is pointed out that the physical injuries were slight, and that the verdict must rest chiefly upon the elements of humiliation, shame, and mental distress.

In Ry. Co. v. Martino, 2 Tex. Civ. App. 634, 18 S. W. 1066, the court said:

"The physical and mental pain suffered by a lady who has experienced the outrages and insults shown to have occurred in this case cannot be measured by any standard of value that would limit the jury in awarding her such amount as they in their discretion may see proper. There is no rule in a case of this kind that determines when the amount awarded is excessive."

In that case the insults and abuse were inflicted upon a lady by a railway conductor, and a judgment for $2,000 was sustained.

In Ry. Co. v. Gilbert, 64 Tex. 541, it was held by our Supreme Court that the question of damages in such cases must be left largely to the discretion of the jury, and that the finding of the jury must control the judgment of the appellate court, where they have not apparently abused their discretion, and no outside influences seem to have excited their passions or prejudices. In that case a judgment for $6,500 was upheld.

[5] In the instant case, according to the testimony of plaintiff, she was assaulted by two women, who were in an intoxicated condition, in the presence of defendant's agents, and that she suffered great humiliation and mental distress; and that from the assault resulted a highly nervous condition, from which she had not recovered at the date of the trial. There is other testimony to support her statements. Mrs. Coley testified in person, and the jury heard the testimony of all witnesses, and were in peculiar position to judge of the extent of her injuries, and the amount that would compensate her for the same. While we might not have allowed as large a sum, if that question had been left to us, we cannot say that there was such an abuse of discretion on the part of the jury as to authorize us to disturb the jury's verdict. The amount is certainly not so large as to shock the conscience of the court, or impel us to control the discretion of the jury.

In our opinion, no reversible error has been shown on the trial of this case, and the judgment will be affirmed.

Affirmed.

