### KNIGHTS AND LADIES OF SECURITY v. SHEPHERD. (No. 8330.)

(Court of Civil Appeals of Texas. Dallas. March 6, 1920. On Rehearing, May 8, 1920.)

**1. Trial ⬅365(2)—Erroneous submission of issues as a group held cured by separate submission.**

In an action on a fraternal benefit certificate issued in favor of plaintiff's wife where liability was denied on the ground of material misrepresentations concerning insured's health, an instruction, erroneous in requiring the jury to say whether the applicant for insurance was affected by any of certain prohibited complaints as a group, was cured by the submission of each separately.

**2. Witnesses ⬅240(4)—Question as to health of insured held properly excluded as leading.**

In an action on a fraternal benefit certificate issued in favor of plaintiff's wife where liability was denied on the ground that insured misrepresented the state of her health, a question to a witness as to whether insured coughed during a certain period prior to her death *held* properly excluded as leading.

**3. Evidence ⬅268—Declaration of husband as to insured's health at marriage held inadmissible as evidence of misrepresentations.**

In an action on a fraternal benefit certificate issued to plaintiff's wife whereon liability was denied on the ground of misrepresentations as to insured's health, a declaration by insured's husband that at the time he married insured she was in poor health, and that he "doctored her up" for the purpose of securing insurance, *held* inadmissible as being too general and too remote to have any bearing on the alleged misrepresentations.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Insurance ⊗⇒724(2)—Knowledge of operation for appendicitis held waiver of claim that insured was not a safe risk.**

In an action on a fraternal benefit certificate issued to plaintiff's wife, liability whereon was denied because of misrepresentations by insured as to her health, that insurer's medical examiner was advised of an operation for appendicitis performed upon insured and that he knew the circumstances thereof and nevertheless recommended her as a first-class risk *held* to constitute a waiver by insurer of any right to show that insured was not a safe risk because of such operation.

**5. Insurance ⊗⇒818(1)—Evidence as to defendant's notice of insured's health held properly admitted.**

In an action on a fraternal benefit certificate issued to plaintiff's wife whereon liability was denied because of misrepresentations by insured as to the state of her health, it was not error to admit testimony by defendant's insurance solicitor that he had advised the medical examiner of an operation performed upon insured for appendicitis and also for abdominal wall adhesions.

**6. Evidence ⊗⇒509, 555—Expert evidence that insured was conscious she had consumption when applying for insurance held properly excluded.**

In an action on a fraternal benefit certificate issued to plaintiff's wife liability whereon was denied because of alleged misrepresentations by insured as to her health, it was not error to refuse to permit a medical witness to testify that insured was conscious that she had consumption prior to her application for insurance, although an expert can give his opinion as to the probable duration of a malady based on its progress at the time.

**7. Witnesses ⊗⇒350—Refusal to require insured's husband to testify whether he had been indicted held proper.**

In an action on a fraternal benefit certificate issued to plaintiff's wife liability whereon was denied on the ground of misrepresentations by insured as to her health, it was not error to refuse to require plaintiff to answer whether he had been indicted, where it appeared not only that the indictment had been dismissed but that it had been procured by fraud.

Appeal from Dallas County Court; W. F. Thornton, Judge.

Action by Frank Shepherd against the Knights and Ladies of Security. Judgment for plaintiff, and defendant appeals. Affirmed.

G. G. Pierson and J. W. Pierson, both of Dallas, for appellant.

House & Wilson and H. Bascom Thomas, of Dallas, for appellee.

RASBURY, J.    Appellee sued appellant upon a policy or beneficiary certificate of insurance issued in favor of his deceased wife, Aileen Leona Shepherd. Liability was denied on the ground of fraud, in that the deceased made material misrepresentations concerning the state of her health which induced appellant to issue the policy. There was trial to jury to whom the issues of fact were referred for special verdict in form of the usual interrogatories. Upon the answers judgment was awarded appellee, from which this appeal is taken.

The first issue presented is the contention that the court erred in the manner of propounding interrogatory 4. In such connection the insured in her application for insurance stated, in answer to appropriate question: ·

"I have not now and never have had and no physician has ever treated me for or advised me or informed me that I had * * * appendicitis, cough (habitual) or consumption in any form."

By interrogatory 4 the court advised the jury of the exact question and that it was contained in the application, and then asked the jury:

"At the time the above statement was made, did the insured have then, had she ever had, and had any physician ever treated her for or advised her or informed her that she had appendicitis, habitual cough or consumption in any form?"

The response was, "No."

[1] The contention is that it was only necessary for appellant, in order to avoid liability on the policy, to prove that insured at the time had either appendicitis, habitual cough, or consumption in any form, while the question required the jury to find that the insured had all the complaints specified, which was emphasized by the use of the conjunction "and," and as a consequence placed upon appellant a greater burden than required by law. We agree with counsel for appellant that, if the insured falsely answered the question contained in the application, proof that she had either complaint therein specified would avoid the policy. However, it appears from the record that the court, in addition to the interrogatory complained of, submitted other and further interrogatories wherein the jury was asked in separate questions if, at the time she made the statement, (1) she had appendicitis, (2) an habitual cough, (3) consumption in any form. Thus it is seen that the jury was permitted and required to find whether the applicant was affected with either of the complaints which she represented she did not have. As a consequence, the error in requiring the jury to say whether the applicant was affected by any of the prohibited complaints as a group was cured by the submission of each separately and becomes harmless.

[2] Appellant, for the purpose of showing that the insured was affected before her

death with an habitual cough, tendered Cleona Austell as a witness, who, after testifying that she resided in the same house with insured for a period of approximately three months, and that the insured at different times during said period suffered with a cough, and that she saw her almost daily from November 12, 1917, to January 20, 1918, was asked, "Did she cough during that time?" Objection to the question was made and sustained on the ground that it was leading, which is assigned as error. The objection was properly sustained. International & G. N. Ry. Co. v. Dalwigh, 92 Tex. 655, 51 S. W. 500. The rule in such matters is stated at length in the case cited, for which reason we deem it unnecessary to review the holding.

[3] Appellant also assigns as error the refusal of the court to permit the same witness to testify that appellee, the husband of the insured, had informed the witness in the presence of his wife that she was in a poor state of health when they were married and that he had "doctored" her up the best he could in order to secure insurance. The bill of exception containing in substance the matter just related is not approved by the court, who states in his qualification that he does not recall the facts related. Attached to the bill is the stenographic report of what actually occurred, and from which it appears that the witness was permitted to state that she did hear appellee make a statement in the presence of his wife concerning her condition when he married her. Objection was made to the admission of any statement appellee made concerning his wife's health at the time they were married. The court, after eliciting from the witness that she did not know when the parties were married and that the statement was not made by the insured, sustained the objection. The court's action is assigned as error. The fact sought to be established by the witness was that at the time appellee married insured she was in a poor state of health and that appellee "doctored her up" for the purpose of securing insurance. The purpose sought in the attempt to prove the declaration was to sustain appellant's defense that the deceased made false statements concerning the condition of her health in her application for insurance. Was the declaration of the husband, under the circumstances related, admissible for that purpose? We believe not. While it may and should be conceded that such declarations are generally admissible against the party at interest, at the same time the declaration should bear some reasonable relation in point of time to the main issue, which in the present case was that appellee's wife made false statements in her application for insurance. The application signed by the insured, which was admitted in evidence, shows that at the time she signed same she had been married five years.

Conceivably the insured might have been in poor health at the time of her marriage, and yet in an insurable condition at the time the policy was issued. There was no claim that she had a specific ailment, merely that she was in a poor state of health when she was married. Obviously, the declaration was too general and too remote to be admitted in evidence for the purpose of showing that the insured made false statements at the time she signed the application.

[4] Over objections of appellant, Dr. Wells, witness for appellee, was permitted to testify that a person would be a safer insurance risk after an operation for appendicitis than before. Also over objections of appellant the court refused to permit Dr. Wells to testify that insurance companies required the lapse of at least six months before insuring persons so operated upon. Without determining precisely the admissibility of the evidence recited, we think the action of the court is not of material consequence, in view of the fact that the record shows without contradiction that appellant's medical examiner was fully advised of the operation upon the insured, and that it was also disclosed in the medical examiner's report to appellant wherein it is designated as liponia in the abdominal walls, with the name and address of the operating surgeon given, with knowledge of all of which the medical examiner recommended the insured as a first-class risk and the appellant accepted her. Such facts, in our opinion, constitute a waiver by appellant of any right to show that the insured was not a safe risk because of the operation.

[5] The court did not err, in our opinion, in permitting the witness Wheat, appellant's insurance solicitor, to testify that he advised appellant's medical examiner and other of appellant's officials of the operation performed upon insured before she made her application; or in permitting appellee to testify that during the insured's examination by appellant's medical examiner the witness advised him that his wife had been operated on for abdominal wall adhesions on the right side. Obviously, such testimony tended to prove notice both to the medical examiner and other officials of appellant of the operation, and as a consequence a waiver thereof by appellant as a defense.

[6] We think there was no error by the court in refusing to permit Dr. Peak to testify in effect that the insured was conscious that she had consumption prior to her application for insurance. Whether one affected with consumption is conscious of that fact cannot, in our opinion, be proven by experts. Experts may, of course, give their opinion concerning the probable duration of the malady based upon its progress at the time, but cannot, we believe, for that reason further testify that the victim was aware of it.

[7] If admissible at all, the court did not err in refusing to require appellee to answer whether he had been indicted. The bill of exception shows, not only that the indictment had been dismissed, but that it had been procured by fraud.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.

### On Rehearing.

As appears from our opinion, we held the testimony of the witness Austell concerning the declarations of appellee relating to his wife's health at the date of their marriage inadmissible on the ground that it appeared from the application for insurance that she had been married five years, and that the state of her health at that time would not be proof of the state of her health five years later. Appellant now calls our attention for the first time to the fact that appellee testified on trial that he and the insured had been married but a year when she died. With such conflict in the evidence we would hold the error reversible, but for the fact that an examination of the record discloses that the court finally did, after appellee had rested, admit such proof, as is shown by the following excerpt taken from the statement of facts:

"Mrs. Cleona Austell, recalled by the defendant, testified as follows: 'While I was living in the house with Mr. and Mrs. Shepherd, in the fall of 1917, I heard Mr. Frank Shepherd, in the presence of his wife, state that he married her when she was nearly dead with consumption and that he had doctored her up.'"

Cross-examination by Mr. Thomas for the plaintiff:

"There is nothing else I want to tell against this man Shepherd. I have not told any of my friends or neighbors that I was willing to swear anything on this trial to hurt old Shepherd. I did not say any such thing as that."

The motion for rehearing is overruled.