## LOUISIANA RY. & NAV. CO. OF TEXAS v. KIMBALL. (No. 3777.)

Court of Civil Appeals of Texas. Texarkana. Jan. 15, 1930.

Rehearing Denied Jan. 23, 1930.

B. M. McMahan, of Greenville, for appellant.

T. D. Starnes and Clark, Harrell & Clark, all of Greenville, for appellee.

LEVY, J. (after stating the case as above). By the first and second assignments of error it is contended that the court erred in overruling the appellant's objections made to the following questions to the plaintiff and his answers thereto, namely: (1) "Did you listen for an approaching train?" And (2) "Did you make an effort to stop your car?" The plaintiff answered each question, "Yes." The objections made were that the questions were leading questions. The case of Ry. Co. v. Dalwigh, 92 Tex. 655, 51 S. W. 500, supports the proposition that the form of the questions tended to make them technically objectionable as leading questions. But in this case no prejudice can be assumed to be sustained by the evidence. At the time of the decision above, Rule 62a had not been adopted, providing that no judgment shall be reversed on appeal unless the error complained of was calculated to cause the rendition of an improper judgment. It appears that appellant on cross-examination of the appellee fully developed the evidence complained of. The plaintiff testified, on cross-examination, as follows: "When I saw those cars and I was about 12 feet from the track, I didn't stop my car because I couldn't tell they were moving. A man would naturally expect a train to have a light on them, and I got in three feet of the track before I realized the cars were moving. Yes, I certainly tried to stop. No, I never tried to stop when I first saw the cars, because there was no light on the train. I never tried to stop until I saw the train was moving, and at that time I was in about three feet of it and my car was already on the track." Also: "I looked for train lights—looked for red lights on street crossings. I look for lights when I cross

railroad crossings. * * * There wasn't any light on the north end of the box car. No I didn't look on it to see if there was a headlight on there; I just looked to see if that crossing was open, just the same as anybody would. Naturally, a box car coming out of the dark, if it had any light on it at all I could have seen it. No, I didn't look at the box car to see if there was a light on it, before it hit my car. * * * I certainly was thinking about a train and was looking for a train. I naturally supposed a train going across there would have a light on it." It was uncontroverted that the train did not whistle for the street crossing. The engineer who was placed upon the witness stand by the appellee, testified: "I didn't whistle for Lee Street. * * * I started when I got the signal; I didn't whistle (for the street crossing)."

The third assignment of error is based upon the testimony of the appellee as to the value of his automobile before the collision. The verdict of the jury is fully supported by evidence of the value of the car, independent of the appellee's evidence, and the assignment is therefore overruled because the ruling of the court, if error at all, was harmless.

The seventh assignment of error complains of the verdict being excessive. We are not prepared to set aside the findings by the jury as to the amount of damages.

The other assignments present objections to evidence that we think do not warrant a reversal of the judgment. The assignments are therefore overruled.

The judgment is affirmed.