## AMERICAN RY. EXPRESS CO. v. TRUEDE.*
(No. 8224.)

(Court of Civil Appeals of Texas. Galveston. Dec. 13, 1922. Rehearing Denied Jan. 11, 1923.)

**1. Witnesses ☞240(3)—Questions not leading.**

A question which elicits only a single fact, and does not suggest the desired answer, is not leading.

**2. Master and servant ☞286(11)—Evidence held to raise issue of negligence in failing to fasten seat on wagon.**

Evidence in servant's action for injury from slipping of seat of wagon when driven over defect in street held to raise the issue of negligence in failing to have seat properly fastened to body of wagon.

**3. Master and servant ☞129(1)—Master not relieved of liability because of concurrent proximate cause.**

The master is not relieved of liability for injury to servant from slipping of seat because of negligent defect in fastenings of seat to wagon, a proximate cause, by the fact that the jolting of the wagon from being driven across a ditch combined with the defective fastenings to cause the seat to fall.

**4. Master and servant ☞356—Assumed risk and contributory negligence not available to master not subscriber under Compensation Law.**

The master, being one of the class of employers coming under the provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), and not being a "subscriber" under its terms, cannot avail of defenses of assumed risk and contributory negligence of injured servant.

**5. Trial ☞252(11)—Requested instruction held unauthorized by evidence.**

In view of contributory negligence not being available as a defense, and there being no evidence that the driving across a ditch would have caused the servant's seat to slip but for its defective fastening to the wagon, held, there was no error in refusing instruction to find for the master, if the jury believed the cause of the accident was such driving, and not the claimed defect in the fastenings.

**6. Trial ☞296(4, 5)—Refusal of instruction harmless in view of other instruction.**

The jury which found for plaintiff in servant's action for injury, in which contributory negligence was not available as a defense, having been instructed to find for defendant unless they found that the fastenings of the seat to the wagon were defective, and that such condition was due to defendant's negligence, and was the proximate cause of the injury, any error in refusing instruction to find for defendant if they found that driving across a ditch was the proximate cause was harmless.

**7. Appeal and error ☞1002—Verdict on conflicting evidence not disturbed unless conclusion of improper motive is justified.**

An appellate court cannot disturb the verdict on conflicting evidence unless the record justifies the conclusion that the jury were not solely influenced by the testimony, but that some improper motive must have affected their verdict.

**8. Trial ☞132—Verdict not disturbed for remarks in argument withdrawn.**

The verdict will not be disturbed for remarks of counsel in argument, which were withdrawn, they not having been so flagrant or so calculated to arouse passion or prejudice that their effect could not have been destroyed by their withdrawal.

Appeal from District Court, De Witt County; John M. Green, Judge.

Action by Albert A., Truede against the American Railway Express Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellant.

Bailey & Wallace, of Cuero, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellant to recover damages in the sum of $2,900 for personal

---

injuries alleged to have been caused appellee by the negligence of appellant.

The basis of appellee's suit is the claim that, while he was driving one of appellant's wagons on a street in Cuero on October 19, 1919, he was thrown therefrom to the ground and one of his arms broken. Appellee claims that through the negligence of appellant the fastenings of the wagon seat had become loose, and that when the wheel of the wagon dropped suddenly in a depression in the street the seat, because the fastenings were loose, slipped while he was seated thereon, causing him to lose his balance, and throwing him off onto the ground. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $650.

The evidence ·shows that appellee, who was employed by appellant as a driver of one of its express wagons, was thrown or caused to fall from one of these wagons which he was driving along one of the streets of the city of Cuero, and was thereby injured as alleged in his petition. It was appellee's duty to deliver and receive express packages to and from the various railway trains coming into the city of Cuero. On the day of his injury he, in company with one McKinnon, another employee of appellant, went from appellant's office in the city in one of appellant's wagons, driven by appellee, to the railway station of the Galveston, Harrisburg & San Antonio Railway Company, to meet a train on said railway due to arrive at 11:30 a. m. They arrived at the station about 11:15, and, after unloading the packages which they carried for delivery to the train, and ascertaining that the train was about one hour late, appellee, at the suggestion of McKinnon, left the station with the intention of going to his home and getting dinner and returning to the station in time to meet the train. When he left the station he drove south along a public street which runs east and west parallel with ·the railroad track, and is known as North Railroad street. Appellant's office is on Esplanade street, which crosses North Railroad street and the railroad track at right angles two or three blocks east of the station. Appellant's office on Esplanade street is two blocks north of the intersection of the named streets. Appellee's home is on the south side of the railroad track, and several blocks east of the intersection of the streets before mentioned.

He testified that when he left the station to get his dinner he intended to go first to appellant's office and report that the train was late, which was his duty, and that the nearest way from the station to the office was down North Railroad street. While driving down North Railroad street a short distance from its intersection with Esplanade he drove across a drain or wash in the

246 S.W.—69

street. This drain, which was about six inches deep and from 18 to 20 inches wide, crossed the street diagonally from northeast to southwest. From near the middle of the street to the south side the drain had two prongs, one running about west and the other southwest. The edges of the sides of the drain were worn and sloping. When appellee drove across this drain the right front wheel of his wagon went into the southwest prong of the drain, and as it came up out of the drain the left front wheel went into the drain above the intersection of the two· prongs before mentioned, and as it came up the right wheel went into the other prong. Crossing the ditch in this way caused the wagon to lurch, and the end of the seat on which appellee was sitting slipped off the side of the wagon bed, and appellee was thrown to the ground and one of the bones in his arm broken. . To make it secure the seat should have been fastened to the wagon bed by two iron clips attached to each end of the seat and fitted into staples or brackets attached to the sides of the wagon bed.

Appellee testified that after his fall from the wagon he got up, shoved the seat back on the wagon bed, got in the wagon, and drove to the appellant's office. When he put the seat back on the bed he found that there were no clips or staples on one end of the seat, and one of the clips was gone from the other end. His statement is: "They were gone altogether; they were clean gone."

The wagon was examined a few days after the accident by a witness for appellee, who corroborates appellee's statements as to the fastenings being gone from· the seat.

The first 11 propositions contained in appellant's brief are presented in support of appellant's contention that the court erred in refusing to instruct the jury to return a verdict for the defendant. This contention is based upon three grounds: First, that appellee was not engaged in the work of his employment, nor in the furtherance of appellant's business at the time he was injured; second, that the issue of negligence alleged in the petition is not raised by the evidence; and, third, that the evidence fails to show that the alleged negligence was the proximate cause of the injury.

We do not think the trial court erred in refusing the request to instruct a verdict for the defendant. The evidence which we have before set out shows that appellee was performing the duties of his employment at the time he was injured. We do not understand appellant to question this, if the statement of appellee that when he left the station to go for his dinner he intended to go first to the appellant's office and report that the train was late, and that it was his duty to make this report, can be considered; but it is insisted that this portion of appellee's testimony should not be considered because

it was elicited over appellant's objection by leading questions propounded to appellee by his attorney, and that when this testimony is excluded there is no evidence that appellee at the time of his injury was engaged in the work of his employment.

The record discloses that appellee testified on direct examination that, when he and McKinnon heard that the train was late, at McKinnon's suggestion or request, he left the station in the wagon to go to his home and get his dinner, and that "What I was going to do was I was going to go get my dinner. What I was going to do with the wagon was I was going to carry it with me." At this juncture in his testimony two questions were propounded to him by his attorney. The first was, "Were you going to the express office before going to dinner?" to which appellee answered "Yes." The second was: "Was it or not your duty to go back to the express office and report?" to which appellee answered, "Yes." In each instance, when the question was propounded, and before appellee replied, appellant objected on the ground that the question was a leading question; the objections were overruled, appellant excepted, reserved proper bills of exceptions, and by proper assignment complains of the alleged error in this court.

On cross-examination appellant's attorney elicited the following testimony from appellee:

"No; I do not say that I had not used that street before with that wagon. Yes; I had used it before. Yes; I had been along there. Yes; I knew the ditch was there, but I did not know it was in that condition. Yes; I had crossed it before that time. I do not remember how long before that time it was that I had crossed it. * * * How I happened to be traveling that street instead of going back up Main street, it was the closest route for me; the closest route to the office. I guess it was a closer route to the office than it would have been by Main street, but I don't know exactly. That was the only reason I had for going that way.

"Q. Were you not on your road home to dinner? A. I was on the road home, but I was going to pass by the office first, and then go to dinner."

[1] We do not think the questions objected to should be considered leading, because the form of the questions in no way suggests the answer desired, and only a single fact was sought to be elicited by each question. As we understand the decisions of our Supreme Court, the rule laid down by Mr. Greenleaf that "questions are objectionable as leading which, embodying a material fact, admit of an answer by a simple negative or affirmative," has been modified so that a question which elicits only a single fact will not be regarded as leading unless the form of the question suggests the desired answer. Ry. Co. v. Dalwigh, 92 Tex. 657, 51 S. W. 500;

Ry. Co. v. Collins, 33 Tex. Civ. App. 58, 75 S. W. 816; Cunningham v. Neal, 49 Tex. Civ. App. 613, 109 S. W. 455; L. & T. Lumber Co. v. Southern Pine Lumber Co. (Tex. Civ. App.) 171 S. W. 537.

[2, 3] We are also of opinion that the evidence before set out raises the issue of negligence on the part of appellant in failing to have the wagon seat properly fastened to the bed of the wagon, and is sufficient to sustain the finding that such negligence was the proximate cause of appellee's injury. It is true that neither appellee nor any other witness testified to any knowledge of defects in the fastenings of the seat prior to the accident in which appellee was injured. T. S. Frazier, appellant's agent, and in charge of its business at Cuero at the time, testified that he rode on the wagon frequently, and watched the condition of the seats on the wagons, and that from his general observation the seat on the wagon which Truede was using when injured was all right. On cross-examination by appellee he testified:

"I stated that from my general observation of the wagon it was in good shape. As to whether I made a particular examination of the wagon—no more than I do all the wagons; I tried to keep the wagon in good repair. I looked every wagon over once in a while myself at the office, and the boys would tell me if there was anything wrong with them. I do not remember examining this wagon myself specifically on account of this accident. Before the accident I examined it only as I did all of them. I always kept my eye on the wagons to see that they were in good shape."

This witness testified that in telling him of the accident appellee did not tell him that the seat was broken or loose, and that that was the cause of the accident. Notwithstanding this testimony, if the testimony of the appellee that, when he replaced the seat just after the accident, the fastenings were gone, is true, the finding of the jury that the seat was not secured by proper fastenings at the time appellee drove the wagon across the drain or ditch is a reasonable inference drawn from the evidence, and not a mere surmise or conjecture. If the fastenings were defective at the time of the accident, such defect was clearly a proximate cause of appellee's injury. The fact that the jolting of the wagon caused by its being driven across the drain or ditch combined with the defective fastenings to cause the seat to fall in no way affects appellant's liability for any injury to appellee caused by the seat slipping and throwing him from the wagon.

[4] Appellee pleaded, and the evidence shows, that appellant is one of the class of employers coming under the provisions of the Workman's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), and was not a "subscriber" under the terms of that act. This being so, the

defense of assumed risk and contributory negligence are not available if appellant's negligence was a proximate cause of appellee's injury.

[5] Such being the law applicable to the case made by the pleadings and evidence, the trial court did not err in refusing special instruction No. 7 requested by the appellant. This requested charge is as follows:

"You are instructed that, if you believe from the evidence that Truede fell or was thrown from the wagon, and that what caused him to fall or be thrown from the wagon was the driving of the wagon across the ditch or washout, and not any defect in the seat, as claimed by him, you will find your verdict for the defendant, express company."

There is no evidence that appellee was driving at a reckless or rapid speed when he crossed the drain or ditch, nor is there any evidence from which the jury could have found that the lurching of the wagon caused by the ditch was of sufficient violence to have caused the end of the seat to slip off the wagon bed if it had been properly fastened thereto. All the evidence tends to show that the unfastened seat would not have slipped off the bed but for the lurching of the wagon in crossing the ditch, and it is clear that driving across the ditch was a proximate cause of the accident, but we do not think there was any evidence to authorize a finding that driving across the ditch was its sole cause.

[6] The issue of whether the fastenings of the seat were defective, as alleged by appellee, was submitted to the jury by the court's charge, and the jury were told that, unless they found that the fastenings were defective, and that such condition of the seat was due to the negligence of the defendant, and was the proximate cause of plaintiff's injury, they should find for the defendant. Having thus been correctly instructed by the court, even if the requested charge might have been properly given, its refusal was not such error as was reasonably calculated to cause an erroneous verdict, and therefore would not require a reversal of the judgment.

We think the charge of the court as a whole correctly instructed the jury upon all the issues raised by the evidence, and none of appellant's several assignments complaining of the court's charge and of the refusal to give special charges requested by it should be sustained. What we, have said in dis-

cussing the contention that there is no evidence to sustain the finding that appellee, at the time he was injured, was engaged in the work of his employment, disposes of appellant's assignment complaining of the ruling of the court in admitting the testimony of appellee before set out. We cannot agree with appellant's counsel that the questions which elicited this testimony were leading, and the assignments must be overruled.

[7] We are unable to agree with the further contention of appellant that the verdict of the jury is so against the great weight of the evidence as to be manifestly wrong, and that the jury, in finding their verdict, were influenced by prejudice, passion, or some improper motive. There are conflicts and discrepancies in the testimony, and this court might have reached a conclusion different from that of the jury, but an appellate court is not authorized to invade the exclusive province, and usurp the functions of a jury to pass upon the credibility of witnesses, in the absence of something in the record to justify the conclusion that in reaching their verdict the jury were not solely influenced by the testimony, but that some improper motive must have affected their verdict. We cannot reach such a conclusion from this record.

The trial court did not err in sustaining appellee's exceptions to appellant's pleas of contributory negligence and assumed risk. As we have before stated, the appellant, by failing to become a "subscriber" under the provisions of the Workmen's Compensation Act, was not entitled to urge either of these defenses against its own negligence.

[8] The remarks of plaintiff's counsel in his closing address to the jury, which were not withdrawn, are not objectionable. The injury, if any, which may have been caused appellant by the withdrawn portion of the remarks was not so flagrant or so calculated to arouse the passion or prejudice of the jury that their effect could not have been destroyed by their withdrawal, and the verdict should not be disturbed on this ground.

The evidence is clearly sufficient to sustain the finding of the jury fixing the amount of compensation due appellee for his injury, and the contention that the verdict is excessive cannot be sustained.

We are of opinion that the judgment should be affirmed, and it has been so ordered.

Affirmed.