## WILLIAMS v. CRAIG. (No. 8844.)

(Court of Civil Appeals of Texas. Dallas. May 26, 1923.)

**1. Exchange of property ⬅3(1) — Statement held not representation that pike road extended to farm.**

No representation by one party to an exchange of land that a pike road extended by the farm to be exchanged by him was made by his statement to the agent, with whom both parties were going along a pike road by automobile to see the farm, when several miles from the farm, "We will turn off here; we could go to the place on this road, but there are some bridges out," the other party thereafter inspecting the farm and having opportunity to ascertain whether the road did extend alongside of the farm.

**2. Appeal and error ⬅1001(1)—Finding binding only when based on sufficient evidence.**

A conclusion expressed by a jury in its findings is binding only when based upon evidence intrinsically sufficient to sustain it.

**3. Exchange of property ⬅8(4)—Witnesses ⬅240(4)—Question whether pike road ran to farm held material; question held not leading.**

In action on land exchange contract, defended on ground of misrepresentation that pike road ran by the farm to be exchanged, a question to defendant, whether "any one could go to that place by that pike road," was not irrelevant and immaterial nor suggestive and leading.

**4. Witnesses ⬅240(3) — "Leading question" defined.**

A question to be objectionable as "leading" must not only embody a material fact, but must also suggest the desired answer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Leading Question.]

Appeal from Hill County Court; W. L. Wray, Judge.

Action by George H. Williams against R. W. Craig. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Wear, Wood & Wear, of Hillsboro, for appellant.

J. E. Clarke and Will Martin, both of Hillsboro, for appellee.

HAMILTON, J. This suit is based upon a written executory contract for the exchange of tracts of land between the parties. The contract contained a stipulation whereby each of the parties bound himself to pay to the other the sum of $500 as liquidated damages should either party to the contract fail to perform the agreement. Appellee having declined to deliver his deed as provided in the contract, and having declined altogether to perform the contract, suit was brought by

appellant to recover the stipulated damages.

The contract was fully pleaded, and failure to comply with any of its terms and provisions was alleged.

[1] Succinctly stated, the defense relied upon to defeat recovery was that appellant made false representations and deceived appellee with reference to a certain pike road and thus induced appellee to sign the agreement. It was contended by appellee that certain statements made by appellant in appellee's presence to the agent who brought the parties together caused appellee to believe that a pike road extended by the tract of land involved in the transaction and owned by appellant, when, as a matter of fact, the pike did not extend by the place. The statements alleged to have been made by appellant in this connection were charged by appellee to embody fraud and deceit designed to cause appellee to execute the contract.

The facts relied upon to sustain the claim of fraud and misrepresentation are contained most fully in the evidence given by appellee himself. He testified that the proposition of exchange of property was submitted to him by a Mr. Turk, a real estate agent, in behalf of appellant. According to his testimony, he was not acquainted with the land in controversy at the time, having never seen it. He made arrangements with Mr. Turk one afternoon to go to see the place the following day. The next morning after the conversation he and appellant went to the farm in the land agent's automobile accompanied by the agent. Appellee testified that the tract of land was about 4½ or 5 miles south of the town of Frost, where appellant lived, and from which place the agent took appellant and appellee in his car to inspect the land. He testified that after they had traveled 3 or 3½ miles on a pike road southeast of the town of Frost in the direction of the land, appellant addressed the land agent and said:

"We will turn off here. We could go on to the place on this road, but there are some bridges out, and we had better go around by the right."

Appellee testified that he had been to the place since that trip, and that on that day they could have gone to the place by the pike road they were on, but that the pike did not extend nearer than within a mile of the farm. After turning away from the pike road, appellee, accompanied by appellant and the land agent as above stated, arrived at the farm on a road which was not piked and inspected the farm together. Nothing was done either by appellant or the agent on that occasion to prevent appellee from ascertaining that the road in fact did not extend alongside the farm. Nothing was said with reference to the road by appellant except the above-quoted remarks addressed to the land agent while they were traveling on the piked

portion of the road. The evidence given by several witnesses established the fact that several bridges in the road the parties were traveling at the time they turned off were in bad repair, but that they could be crossed and were daily crossed by automobiles. The proof further showed that by continuing straight ahead on the road from which the parties turned at the suggestion of appellant they would have arrived at the farm, although the piked road itself did not extend by the farm and it would have been necessary to turn away from it at a point further south, or southeast, on the pike.

There was nothing in the language used by appellant to the land agent in the above-quoted remark which appellee contends was used deceitfully to induce him to sign the contract, and which he claims did induce him to sign it, that by any fair construction can be said to constitute a representation that a pike road extended by the farm. The language used was not that the road was piked all the way to the farm, but that by traveling the road they were on at the time they could go to the place. Inference alone, and we think only inference of a rather far-fetched nature to be read into the quoted remark, would sustain the conclusion derived from it by appellee. Merely because the portion of the road on which the parties were traveling at the time the remark was made was piked does not render the remark a representation that a pike road extended alongside the farm. Such a construction of the language, we think, would be a strained and distorted one, which the plain import of the words themselves does not convey. Appellee, without any restraint or interference either by the appellant or the agent, made an inspection of the farm satisfactory to himself and thereafter signed the contract sued upon.

The case was submitted to a jury upon special issues. The issues and the respective answers were as follows:

"Did the plaintiff before the execution of the contract in question represent to the defendant that a pike road ran along and in front of plaintiff's premises? Answer: Yes.

"If the plaintiff made any such representations, was it false? Answer: Yes.

"Did the defendant believe such representations, if any, were made, and did he rely upon the same being true at the time he signed the contract in question? Answer: Yes."

[2] A conclusion expressed by a jury in its findings is binding only when it is based upon evidence intrinsically sufficient to sustain it. A jury's verdict virtually adopting a party's opinion or suspicion, rested upon expressions or representations which in their nature do not import deceit and which were made in such circumstances as indicated in this testimony, cannot be upheld, especially when the matter involved in the statement is

of a nature which is open to the complaining party's physical observation and nothing is done by his adversary to prevent the exercise of that observation.

[3] During the course of the examination of appellee by his counsel while he was testifying in his own behalf, he was asked this question: "Tell the jury whether or not any one could go to that place by that pike road that you were on." Objection was made by appellant on the ground that the question was leading, suggestive, irrelevant, and immaterial. The objection was overruled, a bill of exceptions was taken by appellant, and the action of the court in this respect is complained of by appellant.

[4] Under the pleadings the evidence was not irrelevant and immaterial, and the question under the decisions of our courts cannot be held to be suggestive and leading. The question within its own terms does not suggest the answer desired. Under the holdings of the courts of this state a question to be objectionable as leading must not only embody a material fact, but must also suggest the desired answer. The question asked is not obnoxious to this rule. Am. Ry. Ex. Co. v. Truede (Tex. Civ. App.) 246 S. W. 1088; Cunningham v. Neal, 49 Tex. Civ. App. 613, 109 S. W. 455; Railway Co. v. Dalwigh, 92 Tex. 657, 51 S. W. 500.

Being of the opinion that the evidence is wholly insufficient to sustain the verdict of the jury, and it appearing that the facts were fully developed upon the trial of the case, we will reverse the judgment of the court below and render judgment for appellant.

Reversed and rendered.